ANSANTA COLE, ET AL.

VERSUS

ST. JOSEPH OF HARAHAN, L.L.C., ET AL.

NO. 24-C-148

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 827,574 , DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

August 07, 2024

**TIMOTHY S. MARCEL**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Scott U. Schlegel, and Timothy S. Marcel

**<u>WRIT GRANTED, JUDGMENT REVERSED, EXCEPTION OF NO
CAUSE OF ACTION SUSTAINED; JUDGMENT GRANTING
DISCOVERY DISMISSED AS MOOT, CASE DISMISSED WITH
PREJUDICE</u>**
    **TSM**
    **SMC**
    **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
PLANTATION MANAGEMENT COMPANY, L.L.C., HIGHPOINT
HEALTHCARE, L.L.C., AND ST. JOSEPH OF HARAHAN, L.L.C.
Jimmy R. Faircloth, Jr.
Mary K. Price
Barbara B. Melton

COUNSEL FOR PLAINTIFF/RESPONDENT,
ANSANTA COLE, OSBORNE PICOU, JR., AND TONIA HALL, AS
SURVIVORS ON BEHALF OF OSBORNE PICOU, SR., INDIVIDUALLY AND
ON BEHALF OF ALL OTHER SIMILARLY SITUATED
Matthew M. Coman
Jordan M. Jeansonne
Stephen M. Huber
Christopher T. Whelen

**MARCEL, J.**

Relators/Defendants, St. Joseph of Harahan, L.L.C., Highpoint Healthcare, L.L.C., and Plantation Management Company, L.L.C. (collectively "St. Joseph"), seek supervisory review of the trial court's February 27, 2024, judgment (1) overruling their peremptory exception of no cause of action and (2) granting plaintiffs' motion to compel discovery and motion to compel the La. C.C.P. art. 1442 deposition of St. Joseph.

For the following reasons, we grant St. Joseph's writ application, reverse the trial court's February 27, 2024, judgment, and sustain St. Joseph's peremptory exception of no cause of action, dismissing plaintiffs' claims against it, with prejudice. Consequently, we also reverse the trial court's February 27, 2024, judgment, vacating the order for St. Joseph to produce discovery and present for a La. C.C.P. art 1442 deposition, as moot.

**FACTS AND PROCEDURAL HISTORY**

St. Joseph is a skilled nursing facility located in Harahan, Louisiana. Plaintiffs Ansanta Cole, Osborne Picou, Jr. and Tonia Hall, are the surviving children of Osborne Picou, Sr. This action arises from Mr. Picou's admission and approximate twelve-month residency at St. Joseph as well as the admission and residency of other similarly situated individuals.[1] In their second amended class action petition for damages ("second amended petition"), plaintiffs allege St. Joseph's affirmatively represented that Mr. Picou and others would receive nursing treatment services in accordance with the Louisiana Nursing Home Residents Bill of Rights (NHRBR)[2] while knowing its facility was understaffed. This misrepresentation, the second petition for damages alleges, induced Mr. Picou and

---

[1] The record indicates that Mr. Osborne Picou, Sr. was a nursing home resident at the facility on or about August 10, 2021 to on or about August 2022.
[2] La. R.S. 40:2010.6, *et seq.*

others to enter residency at the facility. It is also alleged that St. Joseph intentionally withheld resources to increase its profits, resulting in actual nursing staffing hours that were well below applicable federal nursing home administrative standards which violated the NHRBR.

Plaintiffs' second amended petition recites causes of action for fraud under La. C.C. arts. 2315 and 1953 for which monetary damages, attorney's fees and costs are sought. The only damage alleged with specificity is the "… diminution of the value between the nursing services promised by DEFENDANTS and those actually rendered to Mr. Picou and others similarly situated, …" It further moves for certification to proceed as a class action on behalf of current and former St. Joseph residents.

In response to plaintiffs' second amended petition, St. Joseph filed peremptory exceptions of no right of action and no cause of action, and a dilatory exception of improper cumulation of actions. Prior to the exceptions hearing, plaintiffs filed a motion to compel discovery. St. Joseph objected to plaintiff's discovery requests, moving for entry of a protective order limiting discovery to the threshold issue of class certification, and objected to plaintiffs' notice of a La. C.C.P. art. 1442 deposition of St. Joseph.

St. Joseph's peremptory and dilatory exceptions and discovery motions came for hearing on January 25, 2024. On February 27, 2024, the trial court issued its written judgment which (1) sustained St. Joseph's exception of no right of action as to plaintiffs' claim for injunctive relief under La. C.C.P. art. 3601, as Mr. Picou is no longer a resident of the facility; (2) overruled St. Joseph's exception of no cause of action as to plaintiffs' fraud claims; and (3) granted plaintiffs' motion to compel discovery, allowing plaintiffs to conduct merit-based discovery prior to certification of a class. As part of the judgment, the trial court stayed discovery, allowing St. Joseph the opportunity to seek review by this Court.

This timely writ application filed by St. Joseph followed, which presents four assignments of error:

1. The trial court erred in overruling Defendants' exception of no cause of action for Plaintiffs' Article 2315 claim because the scope of the duty owed under the NHRBR does not extend to damage awards.
2. The trial court erred in overruling Defendants' exception of no cause of action for Plaintiffs' Article 2315 claim where Plaintiffs do not allege compensable injuries or actual harm.
3. The trial court erred in overruling Defendants' exception of no cause of action for Plaintiffs' Article 1953 claim because the NHRBR creates a statutory duty, not an implied contractual obligation, as part of a resident admissions agreement.
4. The trial court erred in allowing Plaintiffs to conduct broad-based merits discovery prior to certification of a class action under La. C.C.P. art. 591.

## DISCUSSION

**Exception of No Cause of Action – Standard of Review**

Three of St. Joseph's four assignments of error address the trial court's denial of its exceptions of no cause of action to plaintiffs' second amended petition. The exception of no cause of action tests the legal sufficiency of the petition by determining whether the law affords a remedy against the defendant to anyone under the factual allegations of the petition. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The exception is triable on the face of the petition, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true, and all inferences drawn in favor of the non-moving party for the purposes of the exception. *Fink v. Bryant*, 01-987 (La. 11/28/01), 801 So.2d 346, 349. The inquiry is whether the petition, applying the foregoing standards, states any valid cause of action for relief. *IECI, LLC v. South Central Planning and Development Commission, Inc.,*

21-382 (La. App. 5 Cir. 2/23/22), 336 So.3d 601, 611. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Fink,* 801 So.2d at 349. Because the exception of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on an exception of no cause of action is *de novo*. *Fink, supra.*; *City of New Orleans v. Bd. of Comm'rs of Orleans Levee Dist.*, 93-690 (La. 7/5/94), 640 So.2d 237, 253.

In its exception of no cause of action, St. Joseph contends that plaintiffs' second amended petition fails to state a cause of action in fraud under La. C.C. art. 2315. As an initial matter, plaintiffs argue this Court has previously rejected defendants' same arguments when we denied review of defendants' writ application in *Cambre v. Riverlands Home Grp., L.L.C.*, 23-271 (La. App. 5 Cir. 6/27/23), 2023 WL 4195827. We disagree. The denial of a writ application has no precedential value for any purpose, and does not bar reconsideration of the same issue. *Horton v. Blackrock Aggregates*, LLC, 15-1094 (La. App. 4 Cir. 3/8/17), 213 So.3d 429.

### 1. Delictual Fraud - La. C.C. art. 2315

In its first two assignments of error, St. Joseph asserts the trial court erred in overruling its exception of no cause of action for plaintiffs' La. C.C. art. 2315 claim. St. Joseph argues the scope of its duty under the NHRBR does not extend to monetary damage awards and that plaintiffs' second amended petition lacks allegations of actual harm.

Under Louisiana law, cases presenting causes of action for misrepresentation are evaluated using a duty-risk analysis. *Daye v. General Motors Corp.,* 97-1653 (La. 9/9/98), 720 So.2d 654, 659. Elements of the cause of action require a

plaintiff to show: (1) the defendant had duty to conform his conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (breach of duty element); (4) the substandard conduct was a legal cause of the plaintiff's injuries (the scope of the liability or scope of protection element); and (5) actual damages (damages element). For liability to attach, a plaintiff must be able to prove every element of the duty-risk analysis. *Wiltz v. Brothers Petroleum, L.L.C.*, 13-332 (La. App. 5 Cir. 4/23/14), 140 So. 3d 758, 766, *writs denied*, 14-1252 (La. 10/10/14), 151 So.3d 581, and 14-1298 (La. 10/10/14), 151 So.3d 583.

This second amended petition alleges that plaintiffs suffered legal harm because St. Joseph intentionally understaffed its nursing home facility below NHRBR standards in order to increase profits to its ownership. Plaintiffs posit a duty upon a nursing home to inform residents of its non-compliance with NHRBR staffing and service requirements. They allege that duty was breached when St. Joseph knowingly and intentionally misrepresented the services to be delivered to Mr. Picou and its other residents. Breach of that duty, plaintiffs contend, was the legal cause of their damages.

*De novo* review of the second amended petition shows that plaintiffs seek the value of services not delivered as monetary damages. In paragraph 21, plaintiffs allege that St. Joseph failed to provide resources which resulted in staffing deficits in violation of the NHRBR. The relief plaintiffs pray for is recovery of the "the diminution of the value between nursing services promised by defendants and those rendered to Mr. Picou…" It does not contain factual allegations describing any other damage suffered by plaintiffs.

The essence of their delictual fraud claim is St. Joseph's alleged failure to provide adequate staffing required under the NHRBR. Monetary damages sought

are the value of the services that were not provided to Mr. Picou and others. While a claim for other damages incidental to the alleged fraudulent misrepresentations of St. Joseph are pled, the second amended petition does not allege Mr. Picou or any other resident was actually harmed from inadequate staffing.

A close reading of the petition shows that plaintiffs' La. C.C. art. 2315 claim is inextricably interwoven with violations of the NHRBR.[3] Causes of action for actual monetary damages based upon violations of the NHRBR were statutorily permitted prior to 2003. However, legislative amendments eliminated claims for monetary damages arising from violation of the NHRBR. Private actions for NHRBR violations are limited to claims by nursing home residents for injunctive relief plus attorney's fees and costs. *Heinrich v. Maison De'Ville Nursing Home of Harvey, LLC*, 21-240 (La. App. 5 Cir. 6/30/21) (unpublished writ disposition); *Knight v. Jefferson Healthcare Center*, 21-736 (La. App. 5 Cir. 2/10/20) (unpublished writ disposition).

The operative facts alleged in the second amended petition are alleged violations of the NHRBR. Accepting those allegations as true, Louisiana law does not permit causes of action to recover monetary damages for NHBR violations. Because plaintiffs' second amended petition does not include allegations supporting a cause of action based in fraud under La. C.C. art. 2315 outside of the NHRBR violations, we find that the second amended petition fails to state a cause of action.

**2. Contractual Fraud - La. C.C. art. 1953**

In its third assignment of error, St. Joseph contends plaintiffs' second amended petition fails to state a cause of action for contractual fraud under La. C.C. art. 1953, including fees under La. C.C.P. art. 1958. Louisiana law recognizes causes of action for contractual fraud by alleging fraud in the formation

---

[3] Plaintiffs' second amended petition paragraphs, 3, 10, 11, 12, 13, 18, and 21.

of the contract. *Stutts v. Melton*, 13-557 (La. 10/15/13), 130 So.3d 808, 813-815. The essential elements of intentional or fraudulent misrepresentation in the formation of a contract are (1) misrepresentation of a material fact (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury. *See McGaha v. Franklin Homes, Inc.* 21-244 (La. App. 4 Cir. 2/4/22), 335 So.3d 842, 865.

Under the provisions of the NHRBR, all nursing homes are required to adopt and make public a statement of the rights and responsibilities of its residents and treat its residents in accordance with the rights listed therein. *See* La. R.S. 40:2010.8. The basis for the alleged contractual fraud is the statement regarding staffing that all nursing home facilities are required to provide to residents under La. R.S. 40:2010.8.

In this matter, plaintiffs' contractual fraud theory relies on the admission agreements incorporated in the NHRBR. Plaintiffs theorize the admission agreements created an implied contractual obligation, which obligates nursing care facilities to disclose non-compliance with the NHRBR to prospective residents. However, plaintiffs' second amended petition fails to demonstrate an injury to Mr. Picou or others beyond the value of services not received. As with their claim for delictual fraud, the operative facts of plaintiffs claim for contractual fraud is woven through the NHRBR. Again, the legislature, by its 2003 amendment to La. R.S. 40:2010.9 has limited claims under the NHRBR to that of injunctive relief by a nursing home resident. The exclusive remedy since the amendment of the statute is injunctive relief, plus attorney fees and cost. *See Butler-Bowie v. Olive Branch Senior Care Ctr.,* 52,520 (La. App. 2 Cir. 2/27/19), 2 So.3d 478,484; *see also Watson v. Woldenberg Vill., Inc.* 16-0159 (La. App. 4 Cir. 10/5/16), 203 So.3d 317, 321, *writ denied*, 16-1964 (La. 12/16/16), 211 So.3d 1168. Consequently, we

find plaintiffs' second amended petition fails to state a cause of action for contractual fraud under La. C.C. art. 1953.

Upon *de novo* review, we find for the foregoing reasons that the trial court erred in overruling the exception of no cause of action. We reverse the trial court's judgment overruling St. Joseph's exception of no cause of action and dismiss, with prejudice, plaintiffs' claims for failure to state a cause of action for delictual fraud under La. C.C. art. 2315 and contractual fraud and fees under La. C.C. arts. 1953 and 1958 set forth in their second amended petition. Because violation of the NHRBR is the nucleus of plaintiffs' operative facts, we further find that amendment would be futile. As we have dismissed plaintiffs' second amended petition, St. Joseph's writ application addressing the plaintiffs' motion to compel discovery and La. C.C.P. art. 1442 deposition is moot. The judgment granting plaintiffs' motion to compel discovery is vacated.

**WRIT GRANTED, JUDGMENT REVERSED, EXCEPTION OF NO CAUSE OF ACTION SUSTAINED; JUDGMENT GRANTING DISCOVERY DISMISSED AS MOOT, CASE DISMISSED WITH PREJUDICE**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 7, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 24-C-148

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)

| | | |
|---|---|---|
| BARBARA B. MELTON (RELATOR) | JIMMY R. FAIRCLOTH, JR. (RELATOR) | MARY K. PRICE (RELATOR) |
| CHRISTOPHER T. WHELEN (RESPONDENT) | JORDAN M. JEANSONNE (RESPONDENT) | STEPHEN M. HUBER (RESPONDENT) |

### MAILED

TAYLOR M. BOLOGNA (RESPONDENT)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 2200
NEW ORLEANS, LA 70163

MATTHEW M. COMAN (RESPONDENT)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 2045
NEW ORLEANS, LA 70130